ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| BT (RECOVERY) CORP.  Recurrida  v.  TORRES CINTRON, WALDEMAR  Peticionario | KLCE202301394 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Civil Núm.: J CD2002-0307  Sobre: Cobro de dinero |
|---|---|---|

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz y la jueza Mateu Meléndez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece el señor Waldemar Torres Cintrón, en adelante el señor Torres o el peticionario, quien nos solicita que revoquemos la *Resolución* emitida 6 de octubre de 2023 y notificada el día 11 de mismo mes y año, en la cual el Tribunal de Primera Instancia, Sala de Ponce, en adelante TPI, declaró no ha lugar a la *Moción en Oposición a Orden Autorizando Venta en Pública Subasta.*

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari*.

-I-

En el contexto de una demanda de cobro de dinero, BT (Recovery) Corp. y anteriormente de Bank of Trust of Puerto Rico, en adelante BT Corp., alegó que el señor Torres le adeudaba unas sumas de dinero. El peticionario

Número Identificador

RES2023_____

aceptó adeudar las cantidades reclamadas y el TPI dictó *Sentencia* a favor de la recurrida.[1]

Transcurridos varios trámites procesales, que resulta innecesario pormenorizar para la resolución de la controversia ante nos, BT Corp. presentó una *Moción Solicitando Orden de Subasta*,[2] que el TPI declaró con lugar[3].

Por su parte, el señor Torres presentó una *Moción en Oposición a Orden Autorizando Venta en Pública Subasta.*[4] En síntesis, alegó que en el pleito de epígrafe no se configura ninguna de las excepciones de la renunciabilidad del derecho a hogar seguro, según dispone la *Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar*, en adelante Ley Núm. 195-2011. Además, adujo que la Cooperativa de Ahorro y Crédito Agustín Burgos Rivera Villa Coop, en adelante Villa Coop, es parte indispensable porque tiene un gravamen hipotecario sobre el bien objeto de la venta en pública subasta. Del mismo modo, arguyó que el préstamo con Villa Coop se utilizó para pagar el gravamen de $23,833.33.

Luego, el peticionario presentó una *Moción Informativa*, en la que reiteró la posición del escrito anterior.[5]

Posteriormente, la recurrida presentó una *Oposición a "Moción en Oposición a Orden Autorizando Venta en Pública Subasta".*[6] Destacó que en el pleito de epígrafe no aplica la Ley Núm. 95-2011 porque la demanda se

---

[1] Apéndice del peticionario, pág. 2.
[2] *Id.*, págs. 89-91.
[3] *Id.*, págs. 92-93.
[4] *Id.*, págs. 98-110.
[5] *Id.*, págs. 111-113.
[6] *Id.*, págs. 114-122.

presentó antes de que entrara en vigor dicho ordenamiento. Finalmente, adujo que Villa Coop no es parte indispensable porque tiene la protección que como acreedor le confiere la inscripción registral.

Con el beneficio de la comparecencia de ambas partes, el TPI declaró no ha lugar *Moción en Oposición a Orden Autorizando Venta en Pública Subasta* del señor Torres.[7]

Inconforme, el peticionario presentó una *Moción de Reconsideración.*[8] Además de reiterar su posición, añadió que la Ley Núm. 195-2011 debe interpretarse liberalmente y que el recurrido incurrió en incuria porque, aunque conocía la identidad de los inmuebles en controversia, solicitó su ejecución 11 años y 1 mes más tarde.

Nuevamente, el foro recurrido declaró no ha lugar a la *Moción de Reconsideración.*[9]

Aun inconforme, el peticionario presentó una *Petición de Certiorari* en la cual invoca la comisión de los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDADA-RECURRENTE, ESTO EN CUANTO A QUE ORDENÓ LA VENTA EN PÚBLICA SUBASTA DE UN INMUEBLE PROPIEDAD DEL DEMANDADO A PESAR DE QUE LA MISMA ESTÁ PROTEGIDA POR LA LEY 195-2011 SOBRE HOGAR SEGURO.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDADA-RECURRENTE, ESTO EN CUANTO A QUE ORDENÓ LA VENTA EN PÚBLICA SUBASTA DE UN INMUEBLE PROPIEDAD DEL DEMANDADO A PESAR DE QUE LA MISMA ESTÁ HIPOTECADA POR UN TERCERO Y ESTE NO HA SIDO NOTIFICADO, SIENDO UNA PARTE INDISPENSABLE.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDADA-RECURRENTE, ESTO EN CUANTO A QUE ORDENÓ LA VENTA EN PÚBLICA SUBASTA DE UN INMUEBLE

---

[7] *Id.*, pág. 123.
[8] *Id.*, págs. 124-136.
[9] *Id.*, págs. 137-138.

PROPIEDAD DEL DEMANDADO A PESAR DE QUE LOS DEMANDANTES CONOCÍAN LOS BIENES DE ESTE DESDE EL 2006 Y NO PROCEDIERON CON LA EJECUCIÓN, EN UNA CLARA MUESTRA DE INCURIA DE SU PARTE Y PRETENDIENDO AHORA EJECUTAR UNA PROPIEDAD QUE EL DEMANDADO ADQUIRIÓ POSTERIORMENTE, LA CUAL ESTA [*SIC.*] HIPOTECADA POR UN TERCERO Y PROTEGIDA POR LA LEY 195-2011 SOBRE HOGAR SEGURO.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN DE LA PARTE DEMANDADA-RECURRENTE, ESTO EN CUANTO A QUE ORDENÓ LA VENTA EN PÚBLICA SUBASTA DE UN INMUEBLE PROPIEDAD DEL DEMANDADO A PESAR DE QUE LA DEUDA ES UNA PERSONAL Y NO REAL.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene la facultad de "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[10] En consideración a lo anterior, eximimos a BT Corp. de presentar el escrito en oposición.

Revisado el escrito del peticionario y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[11] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe

---

[10] Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5).
[11] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).

ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[12]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

### B.

Por su importancia, la protección del concepto de "hogar seguro" fue incorporada en nuestra Constitución en la Sección 7 del Artículo II, la cual dispone que: "[l]as leyes determinarán un mínimo de propiedad y

---

[12] *Municipio v. JRO Construction*, 201 DPR 703, 711-712 (2019); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[13] *Municipio v. JRO Construction*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

pertenencias no sujetas a embargos".[14] La pérdida del hogar familiar representa un duro golpe para cualquier familia. Dicha pérdida no sólo tiene implicaciones económicas, sino que tiene el potencial de afectar la estabilidad emocional de todos los miembros del núcleo familiar. Se trata, pues, de un asunto medular para la estabilidad de la institución más básica de nuestra sociedad y para cada puertorriqueño que con grandes sacrificios ha adquirido una residencia.[15]

Conforme a la Ley Núm. 195-2011, *supra*, el derecho de hogar seguro es irrenunciable y cualquier pacto en contrario se declarará nulo.[16] No obstante, el derecho a hogar seguro se entenderá renunciado en todos los casos donde se obtenga una hipoteca, que grave la propiedad protegida.[17]

El mencionado estatuto, también dispone que comenzará a regir inmediatamente después de su aprobación y la protección aquí dispuesta será de aplicación prospectiva. Los casos que estén presentados en el Tribunal antes de la vigencia de esta Ley, cuando les sea aplicable, le aplicará la protección de hogar seguro, según lo dispuesto en la Ley Número 87 de 13 de mayo de 1936, según enmendada.[18]

Al respecto de la aplicabilidad de la Ley Núm. 195-2011, *supra*, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha reiterado que "no aplica a casos presentados previo a su vigencia. Ello incluye los casos en que la ejecución de la sentencia se lleva a cabo luego

---

[14] Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.
[15] Exposición de Motivos de la Ley Núm. 195-2011, Leyes de Puerto Rico, 2.
[16] Art. 4 de la Ley Núm. 195-2011 (31 LPRA sec. 1858a).
[17] *Id.*
[18] Art. 17 de la Ley Núm. 195-2011 (31 LPRA sec. 1858 nota).

de la promulgación del estatuto, si la demanda fue presentada con anterioridad a que este entrara en vigor".[19]

**C.**

Nuestro ordenamiento procesal civil considera que una parte es indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados.[20] A esos efectos, el TSPR ha reiterado que la omisión de incluir una parte indispensable incide sobre el debido proceso de ley que cobija al ausente.[21] Al respecto, la Regla 16.1 de las de Procedimiento Civil dispone:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.[22]

Ahora bien, a la hora de determinar si la presencia de una parte es indispensable para adjudicar una controversia se debe considerar, si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente.[23] De este modo, se busca proteger los intereses de aquél que no ha sido traído al litigio y que, de dejarse fuera, no tendría oportunidad alguna de defenderlos.

El resultado de la ausencia de parte indispensable es que el tribunal carece de jurisdicción para resolver

---

[19] *Money´s People, Inc. v. López Llanos*, 202 DPR 889, 912 (2019).
[20] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 479 (2019); *López García v. López García*, 200 DPR 50, 63 (2018); *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677 (2012); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993).
[21] *Rivera Marrero v. Santiago Martínez, supra*; *López García v. López García, supra*, págs. 63-64; *Bonilla Ramos v. Dávila Medina, supra*; *Romero v. SLG Reyes*, 164 DPR 721, 732-733 (2005).
[22] Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V.
[23] *López García v. López García, supra*, pág. 65; *Romero v. SLG Reyes, supra,* pág. 733.

la controversia. Es por ello que, al incidir tal ausencia en la jurisdicción del tribunal, debe desestimarse la acción.[24] Por tal razón, la falta de parte indispensable es un argumento que puede traerse en cualquier etapa del litigio, incluso la apelativa y el foro apelativo puede levantar dicho planteamiento *sua sponte*, ya que en ausencia de parte indispensable, el tribunal carece de jurisdicción.[25]

Por otro lado, la acumulación de una parte indispensable dependerá de los hechos específicos del caso y de un análisis juicioso sobre los derechos del ausente y las consecuencias que no unirlo como parte pueda ocasionarle.[26] Para ello, se tomarán en cuenta factores tales como: tiempo, lugar, modo, clase de derechos, alegaciones, prueba e intereses en conflicto, formalidad y resultado.[27]

En fin, nuestro ordenamiento jurídico evita que la persona ausente en el pleito, cuyo interés pueda verse afectado, pueda ser privado de su propiedad sin el debido proceso de ley.[28] Por ello, ante la falta de una parte indispensable, el tribunal deberá desestimar la causa de acción por carecer de autoridad para entender en el caso y la sentencia que se emita en ausencia de parte indispensable, es nula.[29] No obstante, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada.[30]

---

[24] *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222-223 (2007).
[25] *Romero v. SLG Reyes*, *supra*, pág. 733.
[26] *López García v. López García*, *supra*, págs. 64-65; *Unisys v. Ramallo Brothers*, 128 DPR 842, 858-859 (1991).
[27] *López García v. López García*, *supra*; *Sánchez v. Sánchez*, 154 DPR 645, 677-679 (2001).
[28] *Romero v. SLG Reyes*, *supra*, pág. 733. Véase, además, Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.
[29] *Unisys v. Ramallo Brothers*, *supra*, págs. 858-859.
[30] *Romero v. SLG Reyes, supra*, pág. 733.

**-III-**

En síntesis, el peticionario solicita que revoquemos la *Resolución* del foro sentenciador, que autoriza la venta en pública subasta de los inmuebles en controversia, y que declaremos improcedente la venta judicial. Ello lo hace a base de los fundamentos que se exponen a continuación.

La Ley Núm. 195-2011 debe interpretarse liberalmente. Además, la opinión de *Money's People, Inc., supra,* es distinguible al caso de autos. Esto es así, porque aquí la recurrida reclama una deuda personal, mientras que en la opinión en cuestión la deuda reclamada era garantizada por una hipoteca sobre un bien inmueble. Como si lo anterior fuera poco, en el caso de epígrafe se ejecuta la residencia principal del peticionario.

Por otro lado, el peticionario entiende que BT Corp. incurrió en incuria, ya que no ejecutó la sentencia en el momento en que había identificado los bienes de aquel y, por el contrario, esperó más de 11 años para hacerlo. Finalmente, el peticionario entiende que falta parte indispensable, a saber: el acreedor hipotecario que tiene un rango preferente al de la anotación de la *Demanda* de la recurrida. Por ello, el TPI debió ordenarle la notificación a ese acreedor preferente.

Sin embargo, luego de revisar cuidadosamente el escrito del peticionario y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*

Además, no existe ninguna otra circunstancia, al amparo de la Regla 40 de nuestro Reglamento, que justifique la expedición del auto.

**-IV-**

Por los fundamentos antes expuestos, se deniega la expedición del recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones