NORMA I. CEPEDA TORRES, demandante y recurrida, *v.* ANDRÉS GARCÍA ORTIZ, demandado y peticionario.

*Número:* CE-90-280 *Resuelto:* 12 de febrero de 1993

*Nydia Migdalia Cotto Vives*, del *Bufete Cotto Vives*, abogada del peticionario; *Jorge L. Santiago Carrasquillo* y *Jesús R. Morales Cordero*, abogados de la recurrida; *Aleida Varona Méndez* y *Mildred Braulio*, de la Comisión para los Asuntos de la Mujer, Oficina del Gobernador; *Iván Horacio Ayala Cádiz*, Director de la Clínica de Asistencia Legal de la Escuela de Derecho de la Universidad Católica de Puerto Rico; *Heriberto Quiñones Echevarría*, Director de la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico; *Jorge E. Pérez Díaz, Procurador General, Juan R. Deliz Román, Procurador General Auxiliar*, y *Anabelle Rodríguez, Procuradora General Auxiliar*, de la Oficina del Procurador General; *Georgina Candal*, abogada de la Clínica de Asistencia Legal de la Escuela de Derecho de la Universidad de Puerto Rico, *amicus curiae.*

El Juez Asociado Señor Hernández Denton emitió la opinión del Tribunal.

Nos solicitan que revoquemos la resolución dictada por el Tribunal Superior, Sala de Bayamón, que concluye —para fines de evaluar una solicitud de aumento de pensión alimenticia a favor de la recurrida— que se incluya el ingreso de la esposa del peticionario aun cuando ambos están casados bajo el régimen económico de capitulaciones matrimoniales. Alega el peticionario que no se puede tomar en consideración el ingreso de su cónyuge porque existe una separación de patrimonios y, además, su cónyuge no es parte en este pleito.

Por entender que la comparecencia, como parte, de la Sra. Emma Enid Berríos Morales, esposa del peticionario —Sr. Andrés García Ortiz— es indispensable por mandato del debido procedimiento de ley, dejamos sin efecto la resolución del tribunal de instancia y ordenamos que se cumpla con la orden de emplazamiento emitida por dicho tribunal. De esta manera, el tribunal adquirirá jurisdicción sobre una parte indispensable del pleito y podrá adjudicar la controversia planteada emitiendo un decreto judicial completo.

## I

Veamos el trasfondo procesal del caso de marras. En 1983 se dictó sentencia para disolver el vínculo matrimonial entre el Sr. Andrés García Ortiz y la Sra. Norma Iris Cepeda Torres. Se fijó una pensión alimenticia de doscientos cuarenta dólares ($240) mensuales para sus tres (3) hijos procreados dentro del matrimonio. Posteriormente, esta cantidad fue aumentada a trescientos ochenta dólares ($380) mensuales.

Dos (2) años después, el señor García Ortiz, en compañía de la señora Berríos Morales, otorgó una escritura pública de capitulaciones matrimoniales y contrajo matrimonio.

Por su parte, la ex esposa del señor García Ortiz, la

señora Cepeda Torres, presentó una moción de desacato y aumento de pensión alimenticia en contra del señor García Ortiz. Solicitaba al tribunal de instancia que le encontrara incurso en desacato por haber incumplido con las estipulaciones acordadas por las partes y que se le aumentara la suma de la pensión alimenticia a seiscientos dólares ($600). El tribunal acogió la solicitud y expidió el mandamiento de citación personal. Luego de varios incidentes procesales sobre las relaciones paterno-filiales, la señora Cepeda Torres remitió al señor García Ortiz un pliego de interrogatorio. Éste se negó a contestar varias preguntas por entender que, dada la existencia de un régimen de separación de bienes, era inmaterial contestar todo aquello referente a los ingresos, gastos y ocupación de su cónyuge, la señora Berríos Morales.

El tribunal de instancia resolvió que el señor García Ortiz contestara sólo la pregunta referente a la entrega de las planillas de contribución sobre ingresos y declaró sin lugar la solicitud para que se contestaran las preguntas referentes a los ingresos y la ocupación de su cónyuge. Sin embargo, posteriormente dicho foro reconsideró la susodicha orden y ordenó al señor García Ortiz que contestara las preguntas referentes a los recursos económicos con que contaban ambos cónyuges para poder así fijar la cuantía de la pensión alimenticia. El juez determinó que, independientemente del régimen económico conyugal, ambos cónyuges tenían la obligación de alimentar a los hijos menores de edad habidos en el matrimonio anterior del señor García Ortiz. El peticionario continuó negándose a contestar el interrogatorio aduciendo que no estaba en la obligación de hacerlo, puesto que ellos habían contraído nupcias bajo el régimen de separación de bienes, habiendo suscrito un contrato de capitulaciones matrimoniales.[1] Además, señaló

---

[1] La escritura sobre capitulaciones matrimoniales fue otorgada en San Juan, Puerto Rico, el 24 de febrero de 1986. Véase la Resolución del Tribunal Superior de 2 de mayo de 1988, pág. 36.

que, al momento de dictar la Resolución de 2 de mayo de 1988, su cónyuge, la señora Berríos Morales, no era parte en el pleito.

Examinada esta situación, el tribunal de instancia dictó una orden en la cual señalaba que la resolución emitida el 2 de mayo de 1988, por sí sola, no hacía parte en el presente caso a la esposa del señor García Ortiz ni a la sociedad legal de gananciales compuesta por ambos. Advirtió que de no hacerse parte a dichas personas no cobraría vigencia la resolución.

En vista celebrada en 1990 se fijó una pensión alimenticia de quinientos dólares ($500), provisionalmente, tomando en cuenta sólo los ingresos del señor García Ortiz. El tribunal de instancia determinó que este Tribunal decidiera si se deben tomar en consideración los ingresos del cónyuge del señor García Ortiz, aun cuando existan unas capitulaciones matrimoniales.

No obstante, un mes después, dicho foro concluyó que, aun existiendo un régimen de separación de bienes, establecido mediante capitulaciones matrimoniales, el señor García Ortiz debía contestar las preguntas del interrogatorio referentes a los ingresos, ocupación y gastos de su cónyuge, ya que ambos eran responsables de los alimentos de los menores procreados en matrimonios anteriores.

El señor García Ortiz acude ante nos mediante *certiorari* y señala que el tribunal incidió al concluir que los ingresos de la señora Berríos Morales tenían que ser considerados para determinar la cuantía del aumento de pensión alimenticia solicitado por la señora Cepeda Torres. Sostiene, además, que se cometió un error al determinar (contrario a lo anteriormente resuelto por el tribunal de instancia) que la señora Berríos Morales no tenía que hacerse parte de este litigio, lo cual era indispensable para que ella pudiera comparecer a defender el régimen de separación de bienes bajo el cual contrajo matrimonio. Por último, señaló que el tribunal de instancia erró al entender

que el señor García Ortiz estaba facultado para declarar sobre los bienes privativos de su esposa, los cuales él no estaba autorizado a representar.

Posteriormente, el tribunal emitió una resolución en la que señalaba que existía una orden([2]) para que se emplazara a la señora Berríos Morales, pero que ella siempre podía presentar una moción de intervención y entonces el tribunal resolvería conforme a la ley.

Oportunamente, la señora Cepeda Torres presentó una moción para que se expidieran los emplazamientos, de suerte que se cumplieran con las órdenes del tribunal. Sin embargo, en una reunión celebrada entre abogados, el tribunal de instancia decidió no entrar en la solicitud de emplazamiento hasta tanto esta Curia resolviera la controversia.

Luego de este trasfondo procesal, corresponde resolver la controversia ante nos.

## II

Para fines de la resolución adecuada de dicha controversia, es menester comenzar discutiendo si la señora Berríos Morales debió haber sido incluida como parte en este pleito.

La Regla 16.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III) dispone:

> Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.([3])

---

([2]) Orden de 11 de octubre de 1988 emitida por el Hon. Juez Rafael Vega Figueroa.

([3]) La regla equivalente en la jurisdicción federal es la Regla 19(a) de Procedimiento Civil federal, 28 U.S.C. Ap. La importancia procesal de dicha regla ha sido señalada por los comentaristas:

 Este precepto procesal se inspira en dos (2) axiomas que preordenan nuestro quehacer jurídico. El primero es la protección constitucional que impide que persona alguna sea privada de la libertad y propiedad sin un debido proceso de ley. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1; *Carrero Suárez v. Sánchez López*, 103 D.P.R. 77 (1974). El segundo es la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. En *Fuentes v. Tribl. de Distrito*, 73 D.P.R. 959, 981 (1952), este Tribunal identificó a una parte indispensable como "aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio".

 En *Hernández Agosto v. Romero Barceló*, 112 D.P.R. 407, 412–413 (1982), señalamos que la Regla 16, *supra*, "tiene como propósitos proteger a las personas ausentes de los efectos perjudiciales que pudiera tener la resolución del caso sin la presencia de ellos y evitar la multiplicidad de pleitos mediante un remedio efectivo y completo". (Cita omitida.) Véanse, además: *Pérez Ríos v. Hull Dobbs*, 107 D.P.R. 834, 841 (1978); *Hernández Agosto v. López Nieves*, 114 D.P.R. 601, 604–605 (1983).

En *Carrero Suárez v. Sánchez López*, supra, este Tribunal se enfrentó a un caso en el que no se emplazó a una parte indispensable, dentro del contexto del concubinato. La controversia giraba en torno a una acción presentada por la concubina de un hombre casado que solicitaba la disolución y liquidación de la comunidad de bienes entre ella y su concubino casado. El concubino fue emplazado

---

"Rule 19(a) is applicable when nonjoinder would have either of the following effects. First, it would prevent complete relief from being accorded among those who are parties to the action or, second, the absentee 'claims an interest relating to the subject matter of the action and is so situated' that his absence from the action will have a prejudicial effect on his ability to protect his own interests or will 'leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations'." 7 *Wright, Miller and Kane, Federal Practice and Procedure* Sec. 1604, págs. 37–38 (1986).

como única parte demandada. No hizo ninguna alegación y, dos años y medio (2½) más tarde, se dictó sentencia en rebeldía que adjudicaba a la concubina demandante " 'la mitad del valor en el mercado' de las tres fincas urbanas objeto de la reclamación". Íd., pág. 79. Este Tribunal revocó esta sentencia porque la esposa del concubino debió haber sido traída al pleito como parte indispensable, emplazándola y notificándola de todos los procedimientos para evitar que sus derechos resultaran perjudicados.

> La acción civil de la concubina promoviendo la liquidación de una comunidad de bienes con un hombre legalmente casado aun cuando incluya al marido como única parte demandada, necesariamente afecta y somete el interés de la esposa en la sociedad de gananciales .... La Regla 16.1 de Procedimiento Civil dirige al tribunal hacia la inclusión como parte de toda persona que tenga un interés común en la cuestión litigiosa.
>
> ... [E]l debido proceso de ley es singular encomienda de los tribunales que no tienen que depender de la iniciativa de las partes para imponerlo en todo momento. Es ésta una garantía de verdadero orden público que no sucumbe a la conducta de los litigantes ni a las decisiones del juzgador. Se vislumbra en este caso la probable privación de propiedad de una persona que no ha sido oída por el tribunal. (Cita omitida.) *Carrero Suárez v. Sánchez López*, supra, págs. 80–82.

En *Alicea Álvarez v. Valle Bello, Inc.*, 111 D.P.R. 847, 854 (1982), sostuvimos la necesidad de la inclusión de ambos cónyuges como partes, sirviéndoles emplazamientos individuales "en acciones que afectan el patrimonio de la sociedad de gananciales obviando el riesgo de nulidad, ante la posibilidad de que la defensa del interés social por uno solo no se ejercite con la debida eficiencia, o la existencia de incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad". Finalmente, en *Pauneto v. Núñez*, 115 D.P.R. 591, 594 (1984), expresamente señalamos que "la mejor práctica" es emplazar a ambos cónyuges.

## III

■ La situación planteada por el caso de marras no trata sobre un concubinato o sobre un matrimonio sometido al régimen de la sociedad legal de gananciales. Trata, sin embargo, de un matrimonio sujeto al régimen económico de separación de bienes mediante el otorgamiento de capitulaciones matrimoniales. Entendemos que, al igual que en la jurisprudencia antes señalada, la señora Berríos Morales, esposa del señor García Ortiz, es parte indispensable para resolver la presente controversia. De incluirse tanto los ingresos de ella como los de su cónyuge —para determinar la pensión alimenticia de los hijos de éste— el patrimonio de la señora Berríos Morales se vería afectado sin habérsele dado a ella una oportunidad efectiva para defender sus intereses.

■ Por lo tanto, como no tenemos jurisdicción sobre una parte indispensable en el pleito, en esta etapa de los procedimientos no procede que resolvamos los méritos de la controversia medular. Si interviniéramos a dilucidar los méritos del caso, estaríamos yendo contra dos (2) axiomas fundamentales del procedimiento judicial: se privaría a una persona de su propiedad sin darle un debido proceso de ley, y emitiríamos un decreto judicial incompleto.

Por consiguiente, por los fundamentos anteriormente expuestos, *dejamos sin efecto la resolución del tribunal de instancia y se ordena que se cumpla con la orden de emplazamiento emitida por dicho foro.*

El Juez Asociado Señor Negrón García concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López —aun cuando entiende que es correcta la determinación del Tribunal de que resulta indispensable que la actual esposa del peticionario sea "traída al pleito", razón por la cual ha brindado su conformidad a la opinión emitida— desea hacer constar desde este momento su criterio a los efectos de que los ingresos de esta persona *no*

pueden ser tomados en consideración para fines de fijar la pensión alimentaria que ha de ser pagada por el peticionario; ello, naturalmente, por razón de que éste y su actual esposa contrajeron nupcias bajo el régimen económico de capitulaciones matrimoniales.