Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| MARÍA DE LOS ÁNGELES AYALA LEBRÓN<br><br>Recurrida<br><br>v.<br><br>BEST HEALTH GROUP, LLC Y OTROS<br><br>Peticionarios | KLCE202400223 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2022CV00085<br><br>Sobre:<br>Cobro de Dinero Ordinario, Daños, Incumplimiento de Contrato |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece Best Health Group, LLC (Best Health o peticionaria) vía *certiorari* y nos solicita que revoquemos la *Resolución y Orden* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 8 de febrero de 2024. Mediante dicho dictamen, el foro primario declaró con lugar la *Moción de Reconsideración* de la señora María de los Ángeles Ayala Lebrón (señora Ayala Lebrón o recurrida), por la cual determinó que los posibles sobrinos de esta no son partes indispensables al no poder aplicarse el derecho de representación. Por los fundamentos que expresamos a continuación, expedimos el auto solicitado y revocamos la *Resolución y Orden* del Tribunal de Primera Instancia.

En síntesis, el caso de epígrafe trata de una demanda instada contra Best Health por la señora Ayala Lebrón, quien declara ser la

Número Identificador

SEN2024 _____

única heredera de su hermano, el señor Carlos Ayala Lebrón (señor Ayala Lebrón o causante). Esta alega que el causante falleció intestado el 7 de enero de 2021 y no dejó descendientes o ascendientes, y que sus hermanos repudiaron la herencia, excepto por la recurrida. En consecuencia, la señora Ayala Lebrón argumenta que ella hereda la participación de capital de 15% de Best Health y, de conformidad con el Contrato Operacional de tal corporación, ella puede ordenar que se liquide la referida participación.

Oportunamente, Best Health respondió a la demanda y presentó una *Moción en torno al descubrimiento de prueba y sobre parte indispensable*, solicitando que el foro primario ordene a la señora Ayala Lebrón producir la información de contacto de sus hermanos y autorice las deposiciones correspondientes. Ante esto, el foro primario ordenó a la señora Ayala Lebrón contactar a sus hermanos sobrevivientes e informar si tales hermanos tienen representantes al amparo del Art. 1612 del *Código Civil de 2020*. Insatisfecha, la señora Ayala Lebrón solicitó reconsideración, argumentando que el nuevo *Código Civil*, la jurisprudencia puertorriqueña y varios tratadistas españoles demuestran que el derecho de representación solo se aplica cuando todos los herederos más cercanos al causante repudian la herencia. Luego de presentarse la oposición de Best Health, el Tribunal de Primera Instancia declaró ha lugar la reconsideración solicitada.

Debido a la decisión del foro primario, Best Health recurrió ante el Tribunal de Apelaciones, acompañado de una *Solicitud de auxilio de jurisdicción*, para alegar que el foro primario erró al concluir que es necesario que todos los herederos más cercanos del causante repudien la herencia para que aplique el derecho de representación. En su

oposición, la señora Ayala Lebrón presenta argumentos similares a aquellos en la solicitud de reconsideración, añadiendo que la peticionaria no cumple con los requisitos para pedir un auxilio de jurisdicción.

Vale recordar que el auto de *certiorari* es el vehículo procesal, discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos. Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V); Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Conforme a la referida Regla 52.1, los criterios que permiten la expedición de un *certiorari* consisten en revisar una orden de carácter dispositivo o resolución según las Reglas 56 y 57 de *Procedimiento Civil*. Regla 52.1 de Procedimiento Civil, *supra*. Por lo tanto, la función del Tribunal Apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro primario y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de evidencia suficiente de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *Job Connection Center, Inc. v. Supermercados Econo, Inc.*, 185 DPR 585 (2012) (citando a *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986)).

Nuestro ordenamiento ha dispuesto que se deben acumular todas las personas que tenga un interés común sin cuya presencia no pueda adjudicarse una controversia. Regla 16.1 de Procedimiento Civil, *supra*. Véase *Pérez Ríos et al. v. Luma Energy, LLC*, 2023 TSPR 136 (citando a *Fideicomiso de Conservación de PR y Para la Naturaleza,*

*Inc. v. ELA*, 211 DPR 521 (2023)). Tal acumulación protege el derecho constitucional de una persona de no ser privada de su libertad o propiedad sin un debido proceso de ley, más permite que el dictamen judicial hecha en su día esté completo para las personas que ya son partes en el pleito. *Payano v. Cruz*, 209 DPR 876 (2022) (citando a *López García v. López García*, 200 DPR 50, 64 (2018); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993)).

Ahora bien, los tribunales deben considerar los fines perseguidos por la Asamblea Legislativa al aprobar una ley, cualquier determinación judicial imprimiéndole efectividad a la intención legislativa y propiciando la realización del propósito que persigue. *Consejo de Titulares del Condominio Balcones de San Juan v. MAPFRE Praico Insurance Company*, 208 DPR 761 (2022) (citando a *Vargas Fernández v. Adm. de los Sistemas de Retiro de los Empleados del Gobierno*, 159 DPR 248 (2003)). Incluso, cuando la ley es clara y está libre de toda ambigüedad, su texto es la mejor expresión de la intención legislativa. Véase Art. 19 del Código Civil de 2020 (31 LPRA sec. 5341); *Pagán Santiago et al. v. Adm. de los Sistemas de Retiro de los Empleados del Gobierno*, 185 DPR 341 (2012) (citando a *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 862 (2010)).

Dado lo anterior, el *Código Civil de 2020* dispone que el derecho de acrecer—es decir, el derecho a que se incremente en la cuota de un heredero la porción de otro que queda vacante—aplica cuando no tiene lugar el derecho de representación. Art. 1616 del Código Civil de 2020 (31 LPRA sec. 11101). Tal vacante puede surgir por premoriencia de un heredero, la repudiación, la incapacidad o por la indignidad del instituido. Art. 1620 del Código Civil de 2020 (31 LPRA sec. 11105).

En acorde, el Art. 1617 clarifica que el referido precepto de acreencia y el derecho de representación aplica también cuando haya una sucesión intestada compuesta por varios parientes del mismo grado. Art. 1617 del Código Civil de 2020 (31 LPRA sec. 11102). Dicho de otra manera, el derecho de representación excluye al derecho de acrecer en la sucesión testada e intestada. M.R. Garay Aubán, *Código Civil: Sucesiones*, 2.ª ed. corr. y ampl., San Juan, Ed. SITUM, 2021, T. V, págs. 109-111, 196-197.

Por añadidura, el nuevo *Código Civil* define el derecho de representación como aquella que tienen los descendientes para heredar del causante en el lugar y en el grado de su ascendiente, tanto en la sucesión testada como en la intestada. Art. 1611 del Código Civil de 2020 (31 LPRA sec. 11091). Tal derecho opera cuando el llamado a heredar premuere al causante, es declarado indigno o incapaz, ha sido desheredado o haya repudiado la herencia. Art. 1612 del Código Civil de 2020 (31 LPRA sec. 11092). No obstante, el derecho de representación solo tiene lugar en la línea recta descendente del causante o, a excepción, en la línea colateral a favor de los colaterales preferentes, quienes serían los hermanos y sobrinos del causante. Art. 1613 del Código Civil de 2020 (31 LPRA sec. 11093). Véase, también, Art. 1725 del Código Civil de 2020 (31 LPRA sec. 11437). Los sobrinos del causante solo podrán heredar por derecho de representación, en vez de por derecho propio. Art. 1725 del Código Civil, *supra*.

Para iluminar la intención legislativa relativa a los mencionados artículos del nuevo Código, debemos evaluar el Memorial Explicativo

de estos. Sobre el Articulo 1613, el Memorial Explicativo explica lo siguiente:

> La doctrina favorece que los hijos de hermanos siempre hereden por derecho de representación, **independientemente que concurran a la herencia solos o con sus tíos.** Así también el ordenamiento trataría a los sobrinos del causante de la misma forma que trata a los nietos y demás descendientes, quienes heredan por representación en la sucesión intestada. Garay Aubán, *op cit.*, pág. 103. (Énfasis nuestro).

Igualmente, el Tribunal Supremo, en una nota al calce, explicó que:

> [E]l Código Civil de 2020 sigue estableciendo como consecuencias del repudio el derecho de acrecer—**cuando en la sucesión intestada hay varios parientes del mismo grado y alguno no quiere o no puede suceder, siempre y cuando no aplique el derecho de representación**—y el llamamiento de los herederos del grado siguiente dentro de la línea recta descendente, cuando repudien todos los parientes más próximos llamados a suceder. En este último caso heredarían por derecho de representación. *Scotiabank v. Sucn. de Quiñones Ramírez*, 206 DPR 904, 930, n.30 (2021) (Énfasis nuestro).

En otras palabras, de ocurrir una situación en la que todos los llamados de un mismo grado repudian la herencia, los herederos del grado siguiente heredarían por representación y no por derecho propio. El Tribunal Supremo *no* quiso decir que el derecho de representación *solamente* aplica en caso de que todos los llamados de un mismo grado repudien; como se puede ver, la nota al calce aclara que el derecho de acrecer aplica cuando alguno de los llamados de un mismo grado repudia y este no tenga descendientes que puedan heredar por representación. Véase Arts. 1611-1613 del Código Civil de 2020 (31 LPRA secs. 11091-11093).

Por último, debemos aclarar que las fuentes jurídicas españolas citadas por la recurrida son igualmente referidas en el Memorial Explicativo, utilizadas para demostrar la interpretación doctrinal del derecho de acrecer en el *Código Civil de 1930* y cómo estos y otros juristas tienen opiniones conflictivas. Garay Aubán, *op cit.*, pág. 106 y

110 (citando a X. O'Callaghan Muñoz, *Código Civil Comentado y con Jurisprudencia*, 1.ª ed., Madrid, Ed. La Ley-Actualidad, 1996, pág. 882; A. Hernández Gil, *Obras Completas: Derechos Reales y Derecho de Sucesiones*, Madrid, Espasa-Calpe, 1989, T. IV, pág. 574; M. Albaladejo García, *Comentarios al Código Civil y compilaciones forales*, Madrid, EDERSA, 1981, T. XIII, pág. 295; J. M. Manresa y Navarro, *Comentarios al Código Civil Español*, 7.ª edición, Ed. Reus, 1955, T. VII, pág. 367). Véase, también, Oposición a moción en auxilio de jurisdicción de la peticionaria, págs. 4-5, *Ayala Lebrón v. Best Health Group, LLC et al.*, KLCE202400223 (Tribunal de Apelaciones). Una de estas fuentes también fue citada por el Tribunal Supremo, pero en el contexto del *Código Civil de 1930*. Véase *Scotiabank v. Sucn. de Quiñones Ramírez, supra* (citando a Albaladejo García, *op. cit.*, págs. 111-112).

De conformidad con los hechos del presente caso, el Tribunal de Primera Instancia erró al determinar que aplica el derecho de acrecer en la controversia de autos. Por lo visto, se alega que los hermanos de la señora Ayala Lebrón repudiaron la herencia de su causante hermano, por lo que aplicaría el derecho de representación si uno o algunos de los que repudiaron tienen descendientes. De existir unos descendientes—y de estos aceptar la herencia mediante el derecho de representación—se considerarían como partes indispensables que tienen un interés común en la participación del causante en Best Health. Por lo tanto, para conocer si estas partes indispensables existen, el foro primario deberá ordenar que la señora Ayala Lebrón informe si sus hermanos tienen representantes al amparo del *Código Civil* y autorizar las deposiciones correspondientes.

Por los fundamentos expresados, expedimos el auto solicitado y revocamos la *Resolución y Orden* del Tribunal de Primera Instancia. En consecuencia, denegamos la *Solicitud de auxilio de jurisdicción* por ser inconsecuente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones