Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| CONSTRUCTORES GILMAR, INC.<br><br>Apelante<br><br>v.<br><br>IGLESIA PENT. BUSCAD EL REINO DE DIOS Y SU JUSTICIA, INC.<br><br>Apelado | KLAN202400511 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Civil Núm.:<br>YB2022CV00130<br><br>Sobre:<br>Cobro de Dinero Ordinario, Daños, Incumplimiento de Contrato |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece Constructores Gilmar, Inc. (Gilmar o apelante) mediante recurso de apelación y nos solicita que revoquemos la *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 23 de abril de 2024. Mediante dicho dictamen, el foro primario desestimó la demanda presentada por la apelante por falta de parte indispensable. Adelantamos que, por los fundamentos expuestos a continuación, revocamos la *Sentencia* del foro apelado.

Según surge del expediente, Gilmar presentó una demanda el 21 de junio de 2022 contra la Iglesia Pentecostal Buscad el Reino de Dios y su Justicia, Inc. (Iglesia o apelada) sobre incumplimiento de contrato y cobro de dinero. En esta, alegó que las partes otorgaron un contrato titulado *Agreement for Design Build Construction Services* por la suma

de $279,000.00, con el propósito de llevar a cabo unas reparaciones al edificio de la apelada tras unos daños provocados por el Huracán María.

Luego de varios trámites procesales, que incluyeron una anotación de rebeldía contra la Iglesia tras meses de incomparecencia y ordenes ignoradas, se celebró una Vista en Rebeldía el 30 de noviembre de 2023, en la cual compareció por primera vez el Lcdo. Ángel Nieves Negrón en representación de la apelada. En dicha vista el Tribunal expresó tener duda sobre si la Agencia Federal para el Manejo de Emergencias (FEMA) y la Oficina Central de Recuperación, Reconstrucción y Resiliencia (COR3) eran partes indispensables en el pleito. A tal efecto, ordenó a Gilmar expresarse al respecto mediante un memorando de derecho y otorgó término a la parte demanda para replicar a dicho memorando.

En síntesis, Gilmar argumentó que FEMA no es dueña de la obra, ni es parte ni beneficiaria del contrato, sino que su intervención se limitó a otorgar la subvención que proveería los fondos para el proyecto por lo que no se le está privando a FEMA de su libertad o propiedad sin un debido proceso de ley, y, por tanto, el Tribunal puede emitir un decreto sin la necesidad de que FEMA sea parte del pleito. Añadió, además, que la cláusula BB del contrato claramente dispone que tanto la Iglesia como Gilmar reconocen y aceptan que FEMA no es parte del contrato, ni tiene obligación, ni responsabilidad alguna bajo el contrato. Posteriormente, y debido a que la demandada nunca replicó, Gilmar solicitó que se diera por sometido su memorando sin oposición.

El foro primario concluyó en su *Sentencia* de 23 de abril de 2023 que procedía la desestimación de la demanda tras entender que FEMA y COR3 son partes indispensables del pleito. El foro señaló que aun

siendo cierto que las partes del pleito son los únicos que otorgaron el contrato objeto de este caso, FEMA proveyó el noventa por ciento de los fondos y es COR3 la encargada de proveer apoyo y asistencia técnica al plan de mitigación de daños de FEMA. En consecuencia, el foro razonó que una decisión tomada en este caso podría afectar el dinero otorgado por FEMA para la restauración de la propiedad de la apelada. En respuesta, la apelada solicitó la reconsideración del dictamen o en la alternativa, que se le permitiera enmendar la demanda para poder incluir las partes que el foro estimaba indispensables. Dicha solicitud cual fue declarada sin lugar el 10 de mayo de 2024.

Inconforme, recurre Gilmar ante esta Curia y arguye que erró el Tribunal de Primera Instancia al determinar que tanto FEMA como COR3 son partes indispensables en el pleito ya que la parte no alega ni hace reclamación alguna contra FEMA o COR3 pues no son las dueñas de la obra, no tienen interés propietario en la misma, no son parte del contrato, y, por tanto, no tienen obligación ni responsabilidad alguna bajo el mismo. Añadió que el foro primario no logró fundamentar cómo FEMA y COR3 se pudiera ver afectadas por alguna decisión del Tribunal.

Como exigencia del debido proceso de ley, nuestro ordenamiento jurídico requiere acumular a todas las partes que tengan un interés común en un pleito y sin cuya presencia no pueda adjudicarse la controversia. Regla 16.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V; *Pérez Ríos v. Luma Energy, LLC*, 2023 TSPR 136. Desde luego, estas partes indispensables responden a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de

que el dictamen judicial que en su día se emita sea uno completo. Íd. (citando a *RPR & BJJ Ex Parte*, 207 DPR 389 (2021); *Cepeda Torres v. García Ortiz*, 132 DPR 698 (1993)). Véase, también, *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521 (2023). Es por estas razones que, de faltar una parte indispensable, el Tribunal desestimará la reclamación sin entrar en los méritos de la controversia pues carecerá de jurisdicción sobre el pleito, y cualquier sentencia emitida adolecerá de nulidad. *Pérez Ríos v. Luma Energy, LLC*, *supra* (citando a *RPR & BJJ Ex Parte*, *supra*; *García Colón v. Sucn. González*, 178 DPR 527 (2010)).

No obstante, el precitado interés debe ser real e inmediato, por cuya ausencia cualquier remedio afectaría o destruiría radicalmente los derechos de esa parte. *Pérez Ríos v. Luma Energy, LLC*, *supra* (citando a *RPR & BJJ Ex Parte*, *supra*). Esto es así, ya que no se trata de un mero interés en la controversia, sino uno que impida la confección de un decreto adecuado. *Deliz v. Igartua*, 158 DPR 403 (2003). Por tanto, para que una parte sea considerada indispensable, una determinación de cualquier foro sin la comparecencia de dicha parte forzosamente significara una destrucción de, o lesión radical a, sus derechos. Id. (citando a *Fuentes v. Tribunal de Distrito*, 73 DPR 959 (1952); *Rodríguez v. Moreno*, 135 DPR 623 (1994); Sanchez v. Sanchez, 154 DPR 645 (2001).

Luego de un análisis sosegado del expediente, determinamos que erró el foro primario al determinar que tanto FEMA como COR3 son partes indispensables en este pleito. De una lectura del contrato vemos que no solo figuran como únicos contratantes Gilmar y la Iglesia, sino que las partes incluyeron una cláusula expresamente excluyendo del

acuerdo a la agencia federal. Dicha cláusula BB, localizada en la página 21 del acuerdo, lee como sigue: "[t]he Client [Iglesia] and the Prime [Gilmar] acknowledge and agree that the Federal Government is not a party to this Contract and is not subject to any obligations or liabilities to the non-federal entity, Prime or any other party pertaining to any matter resulting from the contract".

En vista a ello, no podemos concluir que FEMA, y mucho menos COR3, poseen un interés en el resultado del pleito que obligue su acumulación en el caso, máxime cuando el rol de FEMA se limitó a proveer ayuda económica en la forma de un reembolso tramitado por la Iglesia. Como ya discutimos, para determinar la indispensabilidad de una parte, su interés en el pleito debe ser uno tan real e inmediato que su ausencia en el litigio signifique una laceración de sus derechos, lo cual no ocurre en el caso de autos.

Por todo lo anterior, concluimos que resulta improcedente desestimar la acción bajo el precepto de ausencia de parte indispensable. Consecuentemente, revocamos la *Sentencia* apelada y devolvemos el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí dictaminado.

Se ordena a Secretaría que se le notifique directamente a la parte apelada, además de su abogado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones