Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| POLARIS INVESTMENT, LLC<br><br>Recurrido<br><br>V.<br><br>VÍCTOR RODRÍGUEZ VENEGAS, IDA REYES COSS<br><br>**ASOCIACIÓN DE PROPIETARIOS Y RESIDENTES DE LA URBANIZACIÓN GARDENVILLE DE GUAYNABO PR**<br><br>Peticionaria | TA2025CE00063 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm. GB2023CV01123<br><br>Sobre: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de agosto de 2025.

Comparece la Asociación de Propietarios y Residentes de la Urbanización Gardenville de Guaynabo PR (parte peticionaria) mediante un recurso de *Certiorari* presentado el 30 de junio de 2025, en el cual nos solicita la revisión de la Resolución Interlocutoria emitida por el Tribunal de Primera Instancia, Sala de Guaynabo (TPI) el 30 de abril de 2025, notificada el 1 de mayo de 2025, en la que se declaró no ha lugar la solicitud de desestimación por falta de parte indispensable.

**I.**

El 1 de diciembre de 2023, Polaris Investment, LLC. (parte recurrida) presentó una *Demanda* contra Víctor Rodríguez Venegas, Ida Reyes Coss y la Asociación de Propietarios y Residentes de la

Num. Idenfitifcador:

RES2025_____

Urbanización Gardenville de Guaynabo PR en la que solicitó se determinara y se estableciera que las condiciones restrictivas existentes y aplicables a la Urbanización Gardenville ubicada en el término municipal de Guaynabo no son ejecutables. [1]

Tras varios trámites procesales, el 19 de agosto de 2024, la Sra. Ida Reyes Coss (señora Reyes) presentó una *Comparecencia Especial Sin Someterse a la Jurisdicción Solicitando Desestimación de la Demanda Con Perjuicio por Falta de Jurisdicción Sobre la Persona.* Allí alego, que esta no había sido emplazada en el término dispuesto en las Reglas de Procedimiento Civil. Adujo, además, que esta era la segunda ocasión que la parte recurrida presentaba una demanda en su contra y dejaba vencer el término para emplazar, asimismo, solicitó la desestimación con perjuicio.[2]

En cumplimiento de orden, el 30 de septiembre de 2024, la parte recurrida presentó una *Oposición a Desestimación y Solicitud de Enmienda a la Demanda* donde alegó que el término para emplazar a la señora Reyes no había comenzado a decursar, toda vez que el Tribunal no había expedido el emplazamiento dirigido a esta. Añadió que la desestimación con perjuicio solicitada por la señora Reyes no procedía en este caso y suplicó se le permitiera solicitar el desistimiento sin perjuicio contra dicha parte y presentar una enmienda a la demanda.[3]

Posteriormente, el 10 de octubre de 2024 la parte peticionaria presentó *Moción en Apoyo a Solicitud de Desestimación, Réplica a Moción en Cumplimiento de Orden Solicitud de Desestimación por Ausencia de Parte Indispensable.* Argumentó que, en efecto, la reclamación en contra de la señora Reyes debería ser desestimada con perjuicio por las razones expuestas en la comparecencia

---

[1] Véase entrada #1 de SUMAC en el TPI.
[2] Véase entrada #29 de SUMAC en el TPI.
[3] Véase entrada #38 de SUMAC en el TPI.

especial presentada por esta el 19 de agosto de 2024. Igualmente solicitó la desestimación del pleito en su totalidad, por falta de parte indispensable, debido a que la señora Reyes era una parte indispensable sobre la cual no se había adquirido jurisdicción. [4] En esa misma fecha la señora Reyes presentó *Comparecencia Especial Sin Someterse a la Jurisdicción En Réplica a Oposición a Desestimación de la Demanda Con Perjuicio por Falta de Jurisdicción Sobre la Persona.*[5]

En respuesta, el 3 de diciembre de 2024, la parte recurrida presentó una *Asunción De Representación Legal y Moción en Oposición a "Comparecencia Especial Sin Someterse a la Jurisdicción en Réplica a Oposición a Desestimación de la Demanda Con Perjuicio por Falta de Jurisdicción sobre la Persona".* En este escrito, indicó que la Asociación de Residentes era suficiente para representar cualquier posible interés que pudiera tener la señora Reyes como miembro de dicha organización. [6]

Es así como el 11 de diciembre de 2024 la parte peticionaria presenta *Moción para que se Elimine Oposición a Comparecencia Especial* y el 13 de diciembre de 2024 la parte recurrida presenta una *Moción en Oposición a "Moción para que se Elimine Oposición a Comparecencia Especial".* [7]

El 30 de abril de 2025, notificada el 1 de mayo de 2025, el TPI emitió una Resolución declarando no ha lugar la solicitud de desestimación total de la acción por falta de parte indispensable. [8]

Posteriormente, el 16 de mayo de 2025, la parte peticionaria radicó una *Moción de Reconsideración* a la Resolución del 30 de abril de 2025, la cual el TPI declaró no ha lugar.[9]

---

[4] Véase entrada #42 de SUMAC en el TPI.
[5] Véase entrada #41 de SUMAC en el TPI.
[6] Véase entrada #43 de SUMAC en el TPI.
[7] Véase entrada #46 y #47 de SUMAC en el TPI.
[8] Véase entrada #48 de SUMAC en el TPI.
[9] Véase entrada #53 de SUMAC en el TPI.

Inconforme con ello, la parte peticionaria comparece antes nos y plantea:

**PRIMER ERROR: ERRÓ EL TPI AL ADOPTAR LOS ARGUMENTOS DE LA PARTE DEMANDANTE, A PESAR DE HABER SIDO EN EXTREMO TARDÍOS, CONFORME A LAS REGLAS DE PROCEDIMIENTO CIVIL.**

**SEGUNDO ERROR: ERRÓ EL TPI AL DETERMINAR QUE LOS INTERESES DE LA SRA. IDA REYES PUEDEN SER REPRESENTADOS POR LA ASOCIACIÓN DE RESIDENTES DE GARDENVILLE, COMO PARTE DEMANDADA, A PESAR DE PERTENECER EL DERECHO DE SERVIDUMBRE DE EQUIDAD A CADA UNO DE LOS TITULARES DE LAS FINCAS QUE COMPONEN LA SERVIDUMBRE DE EQUIDAD.**

La parte recurrida presentó su *Oposición a la Expedición del Auto de Certiorari* el 21 de julio de 2025. Alega que se debe denegar la expedición del recurso, toda vez que no cumple con los criterios de revisión dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones. Aduce que la parte peticionaria no ha demostrado que la resolución impugnada entrañe un error craso, abuso de discreción o violación al debido proceso que justifique la expedición del auto de *certiorari.*

## II.

### *Certiorari*

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,*

185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation,* 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra,* dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

A esos efectos, acreditada debidamente nuestra autoridad para intervenir en el asunto recurrido, la Regla 40 de nuestro Reglamento, establece los criterios que deben guiar nuestra determinación sobre si procede o no expedir un auto de *certiorari. Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *Mun. de Caguas*

*v. JRO Construction,* 201 DPR 703, 710-711 (2019). Los criterios esbozados son los siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo,* Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por

no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, *supra*, pág. 336.

### Parte Indispensable

Como parte del debido proceso de ley, es requerido acumular a todas las partes que tengan un interés común en un pleito. Esto responde a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. *Pérez Ríos et al v CPE*, 213 DPR 203 (212 (2023); *RPR & BJJ Ex Parte*, 207 DPR 389, 407 (2021); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993).

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que las personas que tengan un interés común sin cuya presencia no puede adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda.

El interés común al que se hace referencia la precitada regla no es cualquier interés en el pleito, sino que éste tiene que ser de tal orden que impida la confección de un derecho sin afectar los derechos de las personas que tengan un interés en el pleito y que están ausentes. *López García v. López García*, 200 DPR 50, 63-64 (2018). Además, el interés afectado tiene que ser real e inmediato, al extremo de impedir que se emita un decreto adecuado, ya que según la Regla 16.1, *supra*, una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados si se dicta una sentencia y la persona está ausente del litigio. *Id.*

En lo pertinente, se ha reconocido que una asociación tiene legitimación activa y puede acudir al foro judicial a nombre de sus

miembros para vindicar los derechos de la entidad. *Fund. Surfrider y otros v. ARPE,* 178 DPR 563 (2010).

### III.

Luego de examinado el recurso ante nuestra consideración, no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari,* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra.

### IV.

Por los fundamentos expresados, se deniega la expedición del recurso de Certiorari.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
