Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-16

| | | |
|---|---|---|
| RICA INDUSTRIAL PARK ASSOCIATION, INC.<br><br>Recurridos<br><br>V.<br><br>SERVIMETAL, LLC<br><br>Peticionaria | TA2025CE00674 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2023CV01857<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

El 24 de octubre de 2025, compareció ante este Tribunal de Apelaciones, Servimetal, LLC (en adelante, Servimetal o parte peticionaria) por medio de recurso de *Certiorari*. Mediante este, nos solicita que, revisemos la *Orden* emitida el 23 de septiembre de 2025 y notificada el 24 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción Reiterando Reconsideración (Ent. Núm. 24) y en Solicitud de Desestimación por Falta de Parte Indispensable* instada por la parte peticionaria.

Adelantamos que, por los fundamentos que se exponen, se expide el recurso de *Certiorari*, se revoca el dictamen recurrido y se devuelve el caso al foro primario para la continuación de los procedimientos de conformidad con lo aquí resuelto.

**I**

El trasfondo fáctico y procesal del caso es el que en adelante se esboza. Adoptamos por referencia el trámite procesal del caso

plasmado en la *Sentencia* emitida por este Panel el 15 de julio de 2025, en el caso con designación alfanumérica KLCE202400682. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Luego de varias incidencias, innecesarias pormenorizar, el 14 de agosto de 2025, el foro primario celebró vista sobre el estado de los procedimientos. De la *Minuta*, se desprende que la licenciada Elizabeth Villagrasa Flores, representante legal de la parte peticionaria, indicó que se presentó *Moción de Desestimación*, por no ser la parte llamada a responder. La aludida moción dispositiva fue denegada, razón por la cual, el 18 de marzo de 2024, la parte peticionaria solicitó reconsideración, que, a esa fecha, no había sido atendida. Enfatizó que, en el caso falta incluir a la dueña del solar como parte indispensable, por lo que, el Tribunal debe permitir enmendar la demanda para traerla.

Conforme a lo discutido en la referida vista, el Juzgador de primera instancia dispuso lo siguiente:

- Se permitirá que transcurran los términos y una vez el demandado evalúe si recurrirá o no al Tribunal Supremo, deberá informar al Tribunal y presentar por escrito lo planteado hoy para atenderlo.

- Se deja en suspenso la argumentación de parte indispensable.

- Se señala **Vista sobre el Estado de los Procedimientos** para el **10 de noviembre de 2025**, a las **3:00 p.m.**, **por videoconferencia**.

En cumplimiento con lo ordenado, el 8 de septiembre de 2025, Servimetal presentó ante el foro *a quo, Moción en Cumplimiento de Orden*, en la que informó que no presentó el recurso ante el Tribunal Supremo y solicitó un corto término hasta el 11 de septiembre de 2025, para presentar por escrito el argumento presentado en la Vista del 14 de agosto de 2025.

Mediante *Orden* dictada el 9 de septiembre de 2025 y notificada al día siguiente, el foro primario le concedió a Servimetal hasta el 11 de septiembre de 2025, para cumplir con lo ordenado.

En la fecha ordenada, la parte peticionaria presentó *Moción Reiterando Reconsideración (Ent. Núm. 24) y en Solicitud de Desestimación por Falta de Parte Indispensable.* En su escrito, la parte peticionaria reiteró su planteamiento de falta de parte indispensable. Puntualizó que, en el caso debe de estar presente la dueña del solar, toda vez que, cualquier determinación que en su día se tome – en la medida que impacta a una entidad que no es parte del pleito – la determinación podría ser nula. Por tanto, a esos efectos, el incluir a Servi Realty en el presente pleito (o desestimar) evitaría un fracaso a la justicia. Consecuentemente, solicitó la desestimación de la *Demanda* por falta de parte indispensable. Solicitó, en la alternativa, que se ordenara a la parte recurrida, Rica Industrial Park Association, Inc., enmendar la *Demanda* e incluir a Servi Realty como parte en el presente pleito.

El 11 de septiembre de 2025, el foro primario le concedió a la parte recurrida, el término de 20 días para replicar a la petición de la parte peticionaria. La parte recurrida presentó el 23 de septiembre de 2025, *Oposición a Moción Reiterando Reconsideración.*

El mismo día, 23 de septiembre de 2025, notificada el 24 de septiembre de 2025, la primera instancia judicial emitió la *Orden* cuya revisión nos atiene. En virtud de esta, dispuso:

> A LA SOLICITUD DE MOCIÓN REITERANDO RECONSIDERACIÓN, *SUMAC 49,* Y EXAMINADOS LOS ARGUMENTOS EXPUESTOS EN LA OPOSICIÓN A MOCIÓN REITERANDO RECONSIDERACIÓN, *ENTRADA 51*, SE DECLARA **NO HA LUGAR LA SOLICITUD DE RECONSIDERACIÓN SOBRE PARTE INDISPENSABLE PRESENTADA EL 18 DE MARZO DE 2024.**

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *Certiorari*, donde esgrimió el siguiente señalamiento de error:

> Erró el TPI al no reconsiderar la denegatoria de la Moción de Desestimación mediante Orden notificada el 24 de septiembre de 2025 toda vez que falta parte indispensable en la medida que surge de las alegaciones de la Demanda que la reclamación de cobro sobre alegadas cuotas de mantenimiento se dirige al dueño de la propiedad que ubica en el Parque Industrial. Por lo que, se justifica que el dueño de la propiedad sea parte del presente pleito. Ante ello, el TPI abusó de su discreción al no ordenar la inclusión de Servi Realty como parte teniendo todos los elementos para ello.

El 31 de octubre de 2025, la parte recurrida presentó ante este foro revisor, *Oposición a Recurso de Certiorari Bajo la Regla 37 del Reglamento del Tribunal de Apelaciones*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

## II

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo*

---

[1] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

*v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia

mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
> [. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que

se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Parte Indispensable

Las Reglas de Procedimiento Civil regulan el precepto de parte indispensable en un pleito. La Regla 16.1 establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandadas, según corresponda". 32 LPRA Ap. V; *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, 207 DPR 389, 407 (2021).

Nuestro Tribunal Supremo interpreta una parte indispensable como aquella de la cual no se puede prescindir, pues sin su presencia, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados por una determinación judicial. *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, supra, pág. 407; *López García v. López García*, 200 DPR 50, 63 (2018), citando a: *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 432 (2003); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993). Hernández Colón, *op. cit.*, Sec. 1202, pág. 165. En particular, ha señalado el Alto Foro que:

> El tercero ausente [en el pleito] debe tener [tal] interés común en [este] que convierte su presencia en un requisito indispensable para impartir justicia completa o de tal orden que impida la confección de un decreto sin afectarlo. La justicia completa es aquella entre las partes y no la que se refiere a una parte y al ausente. El interés común tiene que ser uno real e inmediato. Hernández Colón, *op. cit.*, Sec. 1202, pág. 166.

Sobre el alcance de la Regla 16.1 de Procedimiento Civil, *supra*, nuestro Máximo Foro ha señalado que "este precepto procesal forma parte del esquema de rango constitucional que

prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". *López García v. López García,* supra, págs. 63-64, citando a: *Mun. de San Juan v. Bosque Real, SE,* 158 DPR 743, 756 (2003). *Infante v. Maeso*, 165 DPR 474, 490 (2005); *Cepeda Torres v. García Ortiz*, supra. Más específico aún, esta regla parte de dos principios fundamentales, a saber: (1) la protección constitucional que impide que una persona sea privada de la libertad y de su propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, supra, pág. 407; *Allied Mgmt. Grp., Inc. v. Oriental Bank*, 204 DPR 374 389 (2020); *López García v. López García,* supra, pág. 64.

Ahora bien, precisa señalar que no se trata de cualquier interés sobre un pleito, sino de un interés de tal orden que impida la confección de un derecho adecuado sin afectar o destruir radicalmente los derechos a esa parte. *Íd.*; *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005). Véase Cuevas Segarra, *op. cit.*, T. II, pág. 691. Asimismo, el "interés común" al que hace referencia la Regla 16.1 de Procedimiento Civil, *supra,* no es cualquier interés en el pleito, sino que tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro. *Payano v. Cruz,* supra; *RPR & BJJ Ex Parte,* supra, pág. 408; *Allied Mgmt. Grp., Inc. v. Oriental Bank*, supra, págs. 389-390.

Nuestro Tribunal Supremo ha establecido que la interpretación de esta regla requiere un enfoque pragmático, es decir, que se evalúe a la luz de las circunstancias particulares que se presenten y no de una formula rígida para determinar su aplicación. *López García v. López García,* supra, pág. 65, citando a: *Romero v. SLG Reyes,* supra, pág. 732; *RPR & BJJ Ex Parte,* supra, pág. 408. Específicamente, ha resuelto que:

[l]a determinación final de si una parte debe o no acumularse depende de los hechos específicos de cada caso individual. Exige una evaluación jurídica de factores, tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad. Cuando, en un pleito, las partes no se han tomado la iniciativa de brindar a terceros ausentes la oportunidad de salvaguardar unos derechos que pueden resultar afectados, estos terceros deben ser acumulados como parte para poder dar finalidad a la adjudicación de la controversia medular. No es suficiente que el ausente haya tenido la oportunidad de intervenir en el pleito, pues mientras no se le haya hecho parte, no se le puede privar de unos derechos mediante sentencia. *López García v. López García,* supra, citando a: Cuevas Segarra, *op. cit.*, T. II, pág. 695. Véase *Payano v. Cruz,* supra.

Dicho de otro modo, la determinación de si debe acumularse a una parte en un pleito depende de los hechos específicos de cada caso. Ello implica que los tribunales deben hacer un análisis juicioso sobre los derechos de las partes que no están presentes y las consecuencias de que se unan al procedimiento. Así pues, lo fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente. *Payano v. Cruz,* supra; *RPR & BJJ Ex Parte,* supra, pág. 409; *López García v. López García,* supra, pág. 65.

La falta de parte indispensable en un pleito es un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso. Incluso, los foros apelativos, si así lo entienden, pueden y deben levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que ésta incide sobre la jurisdicción del tribunal. *Íd.*; *RPR & BJJ Ex Parte,* supra, pág. 408.

En conclusión, como se puede apreciar, la razón de ser de la Regla 16.1 de Procedimiento Civil, *supra,* responde al interés de proteger a aquellas personas —naturales o jurídicas— que no están presentes en el pleito de los efectos que acarrea la sentencia dictada y, así, evitar la multiplicidad de pleitos mediante un remedio efectivo

y completo. *López García v. López García,* supra, pág. 65; *Granados v. Rodríguez Estrada II,* 124 DPR 593, 605 (1989); *Hernández Agosto v. Romero Barceló,* 112 DPR 407, 412–413 (1982).

Dicha protección encuentra su razón de ser en que, como se ha establecido en más de una ocasión, no traer a una parte indispensable a un pleito, sin duda alguna, se traduce en una violación al debido proceso de ley que le cobija. *López García v. López García,* supra, pág. 66; *Deliz et als. v. Igartúa et als.,* supra, pág. 43.

Cabe destacar que, a pesar de que la omisión de una parte indispensable es motivo para desestimar una causa de acción, no es óbice para que los tribunales, a instancia propia o a solicitud de parte, conceda la oportunidad de traer al pleito a la parte ausente. *Payano v. Cruz,* supra, citando a *Meléndez v. ELA,* 113 DPR 811 (1983); J.A. Cuevas Segarra, *op. cit.,* pág. 694.

## C. *Enmiendas a las Alegaciones*

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, estatuye lo relativo a las enmiendas a las alegaciones. Dicha Regla dispone que:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene.

Con respecto a la antes referida regla, nuestro Máximo Foro expresó en *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 747 (2005), que

la misma establece una clarísima directriz en cuanto a la concesión liberal de este remedio "cuando la justicia así lo requiera". Resulta evidente que "**la regla concede, en primer lugar, discreción al tribunal para determinar la procedencia de una enmienda a las alegaciones y, en segundo lugar, favorece su concesión**." *Id.* (Énfasis Nuestro).

Cónsono con lo anterior, el tratadista José Cuevas Segarra ha señalado que:

> Los estatutos que conceden discreción a los tribunales para autorizar enmiendas, dejar sin efecto actuaciones anteriores, y otros actos similares para lograr justicia sustancial, son preceptos reparadores que deben interpretarse liberalmente. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Publicaciones JTS, 2011, T. II pág. 591.

Por su parte, nuestra Más Alta Curia ha sido enfática en que existe una clara política pública en nuestro ordenamiento de que los casos se deben ventilar en sus méritos, por lo cual, las Reglas favorecen la autorización de las enmiendas a las alegaciones. *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 198 (2012); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992).

Por ende, los tribunales poseen amplia facultad discrecional para decidir si permiten la enmienda a una alegación, incluso, en etapas adelantadas de los procedimientos. *Colón Rivera v. Wyeth Pharm.*, supra; *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 DPR 829, 836 (1992).  Solo ante la presencia de manifiesto perjuicio a la parte contraria o claro abuso de discreción al autorizar la enmienda procede la revocación de la determinación del juez. *Colón Rivera v. Wyeth Pharm.*, supra.

No obstante, a pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal a la autorización de enmiendas a las alegaciones, esta liberalidad no es infinita. *Romero v. S.L.G. Reyes*, 164 DPR 721, 730 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1975). Para demarcar el ámbito de discreción de los tribunales,

nuestra última instancia judicial ha establecido cuatro (4) elementos que deben tomarse en consideración al momento de decidir si se autoriza una enmienda. Estos elementos son "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005). Estos factores no operan de modo aislado, por lo cual, hemos adoptado un enfoque dinámico mediante el cual deben considerarse los cuatro (4) conjuntamente. *S.L.G. Sierra v. Rodríguez, supra.* Este enfoque dinámico significa que el paso del tiempo, por sí solo, no obliga a los tribunales a negar el permiso para enmendar las alegaciones. *Id.*

Sin embargo, nuestro Tribunal Supremo reiteró que "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". A tales efectos, el tratadista Cuevas Segarra señala que "cuando la propuesta enmienda altera radicalmente el alcance y naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial, en tangencial, el permiso debe ser denegado, pero ello no significa que no se puedan adicionar nuevas teorías o nuevas reclamaciones." *S.L.G. Sierra v. Rodríguez*, supra, pág. 749.

Así que, independientemente de la etapa en que se presente la propuesta enmienda o que se incluyan en esta nuevas teorías o reclamaciones, los tribunales deben ponderar con especial énfasis el perjuicio que dicha enmienda podría causarle a la otra parte. *Id.*, págs. 750.

En cuanto a qué constituye un perjuicio indebido para propósitos de este precepto, nuestra Máxima Curia se ha expresado en varias ocasiones. No obstante, el análisis se ha enfocado en pautar normas en cuanto a situaciones que *no* constituyen perjuicio

indebido. Así, por ejemplo, nuestro Tribunal Supremo ha dicho que un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. Tampoco lo es, por sí solo, el tiempo transcurrido entre la presentación de la alegación original y su propuesta enmienda. (Cita omitida). *Id.,* pág. 749.

Ante esto, el Tribunal Supremo de Puerto Rico indicó en *Colón Rivera v. Wyeth Pharm.,* supra, pág. 200, que aún persisten dudas en cuanto al significado de *perjuicio indebido* para propósitos de la Regla 13.1, *supra.* El profesor Vázquez Irizarry comenta que:

> Este criterio de por sí introduce preguntas interesantes en cuanto a qué significa y cuál es su alcance. Después de todo, alguien podría razonablemente afirmar que toda enmienda a las alegaciones ocasionará un perjuicio a la parte contraria pues el objetivo de quien la presenta no es otro que adelantar su causa dentro del litigio. W. Vázquez Irizarry, *Procedimiento Civil,* 75 Rev. Jur. U.P.R. 175, 197 (2006).

Más adelante, el profesor continúa comentando que:

> [P]odemos colegir que el perjuicio al que se refiere la Regla 13.1 como límite a la concesión liberal de autorización para enmendar, más que un efecto sustantivo negativo sobre la otra parte, lo que pretende evitar es el efecto negativo de carácter eminentemente procesal. De ahí que la clave sea que el perjuicio, para operar como freno a la enmienda, debe ser *indebido* en el sentido de que coloque a la parte contraria en una situación de desventaja respecto a lo que es el trámite ordenado del litigio. *Id.*

En cuanto a qué constituye perjuicio indebido, los tribunales federales han ponderado diversos factores. Por ejemplo, se ha analizado la posibilidad de que la parte que se opone a la enmienda tenga que incurrir en gastos adicionales y preparación nueva para enfrentarse a las alegaciones enmendadas; si la parte que propone la enmienda ha tenido múltiples oportunidades para presentar sus enmiendas y la futilidad de las nuevas causas de acción. *Id.,* págs. 201-202.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su único señalamiento de error, la parte peticionaria sostiene que, el foro de primera instancia erró al no reconsiderar la denegatoria de la *Moción de Desestimación* mediante *Orden* notificada el 24 de septiembre de 2025, toda vez que, falta parte indispensable en la medida que surge de las alegaciones de la *Demanda* que la reclamación de cobro sobre alegadas cuotas de mantenimiento se dirige al dueño de la propiedad que ubica en el Parque Industrial. Por lo que, se justifica que el dueño de la propiedad sea parte del presente pleito. Ante ello, el TPI abusó de su discreción al no ordenar la inclusión de Servi Realty como parte teniendo todos los elementos para ello.

De entrada, reconocemos que, como ha sido previamente expuesto, el foro de instancia goza de discreción al momento de determinar si autoriza o no enmendar las alegaciones. Ahora bien, como sabemos, el Alto Foro ha delineado ciertos criterios con el propósito de demarcar el ámbito de dicha discreción, los cuales deben tomarse en consideración al momento de decidir si se autoriza una enmienda. Estos elementos son: "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *S.L.G. Sierra v. Rodríguez*, supra, pág. 748. Según se ha establecido, estos factores no operan de modo aislado, por lo cual, la Máxima Curia ha adoptado un enfoque dinámico mediante el cual deben considerarse los cuatro (4) elementos conjuntamente. *S.L.G. Sierra v. Rodríguez, supra.* Este enfoque dinámico significa que el paso del tiempo, por sí solo, no obliga a los tribunales a negar el permiso para enmendar las alegaciones. *Id.* Asimismo, nuestro Tribunal Supremo reiteró que "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para

enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria".

En el caso que nos atiene, desde una etapa temprana de los procedimientos, la parte peticionaria alertó al foro *a quo* sobre la falta de parte indispensable, toda vez que, Servi Realty es la dueña del solar objeto del cobro de la cuota de mantenimiento en controversia. En ese sentido, colegimos que, dicha parte debe ser incluida en el pleito. Como dijimos, según lo dispuesto por ordenamiento procesal, específicamente, la Regla 16.1, *supra,* "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandadas, según corresponda". 32 LPRA Ap. V; *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte,* supra, pág. 407.

Por otro lado, al evaluar la etapa procesal en la que se encuentra el caso, razonamos que, no causa ningún perjuicio a la parte recurrida el que se incluya en el pleito a Servi Realty. Todo lo contrario; la falta de parte indispensable pudiera privar al Tribunal de jurisdicción para entender en el caso. De hecho, del propio trámite procesal del caso surge que, incluso, la parte recurrida había solicitado que le permitiera enmendar la demanda para incluir como parte a Servi Realty. Empero, el foro primario denegó dicha solicitud.

En vista de las circunstancias del presente caso, coincidimos con la parte peticionaria en cuanto a que el foro primario debió permitir enmendar la demanda para traer al pleito a Servi Realty, por lo que, incidió al no hacerlo. Lo anterior, ya que el Tribunal Supremo ha sido enfático en cuanto a la concesión liberal de este remedio "cuando la justicia así lo requiera". Consecuentemente, el error señalado fue cometido.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari*, se revoca el dictamen recurrido y se ordena al foro primario que permita la enmienda a la Demanda. Consecuentemente, se devuelve el caso para la continuación de los procedimientos de conformidad con lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones